**BAUER et, Appellants v. INDUSTRIAL COMMISSION, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6404.   Decided June 5, 1944.

Leonard H. Shallat, Cincinnati, for appellants.

Thomas J. Herbert, Columbus, Robert E. Hall, Columbus, and Edward A. Schott, Columbus, for appellee.

## OPINION

By ROSS, P. J.

Appeal on questions of law from the Court of Common Pleas of Hamilton county, wherein judgment was entered for the defendant upon a verdict, refusing plaintiff the right to participate in the fund for State Industrial Compensation.

Two assignments of error are presented: The first deals with the refusal of the trial court to permit the asking of certain questions and the giving of answers by the attending physician of the deceased employe.

It appears from the evidence that such employe was injured when a piano, which he was assisting others in carrying on stairs, slipped and pinned him to a wall. His shoulder was injured by the pressure, a lump developed soon thereafter in the place where the pressure was exerted. The lump increased in size, was found to be a tumor, was removed by operation, recurred again, being larger in size, was again removed, and the employe subsequently died.

The transcript of the evidence, taken on rehearing, shows the following:

"31  Can you tell what his condition was in June, 1942?

A  Well, I would say very low.

"32  And what was the condition as it progressed from June, 1942 until September, 1942?

A  Progressively worse.

"33  And do you recall the last time you saw him?

A  Yes, I saw him up to the time of his death.

"34  And what in your opinion, Doctor, was the cause of death?

A  Well, I would say that he had a recurrence of metastasis as we call it throughout his body and especially of the brain.

"35  I will ask you to state whether or not the condition as you found it just previous to the time of death was the outgrowth of the original condition as you first found it on January 5th or 6th, 1941?

A  Yes, sir.

"36  Now, Doctor, I will ask you to state whether or not if an injury was received through force or pressure being applied to the right shoulder of a person and such pressure would be sufficient to cause a lump to come up on the shoul-

der, whether or not that particular condition would result in a sarcoma fibro tumor?

Mr. Zachritz: Objection.

Referee: Overruled. Objection sustained.

Mr. Zachritz: Exception.

A Whether the injury would probably result—not in every case.

"37 Not in every case?

Mr. Zachritz: Objection.

Referee: Overruled. Objection sustained.

Mr. Zachritz: Exception.

A I would say in this particular case if I may answer it, I think that the tumor probably resulted from the injury.

"38 Doctor, I will ask you to state whether or not if a force or pressure was applied to the right shoulder of a person and the pressure was extremely hard or strong, would that be sufficient to cause a swelling or lump on the right shoulder?

Mr. Zachritz: Objection.

Referee: Overruled. Objection sustained.

Mr. Zachritz: Exception.

A Yes, sir."

Certainly, the evidence was competent and material. Its exclusion constituted error, prejudicial to appellant, regardless of whether it be considered opinion evidence or not.

It is contended that plaintiff made no profert, independent of the answers to the questions contained in the transcript of evidence upon rehearing.

No other evidence than that contained in such transcript was competent. How then, could the plaintiff make an independent profert? What better profert could be made? The answers contained in the transcript are perfectly proper as a profert.

The following special charge was refused:

"Plaintiff's Special Charge No. 7—As to the class of testimony known as opinion evidence, it is permitted to assist your judgment in determining the probable truth of matters not ordinarily within the common knowledge of men; but you are not required to surrender your own opinion upon such matters, if you entertain any, unless the opinions, so testified to, appear more probable than your own, and your own, are not merely conjectured, but are based upon your own exper-

ience in human affairs, or arise out of the facts and circumstances developed in the testimony submitted to your judgment.

"Which charge the court refused to give as asked, to which counsel for plaintiff excepted."

It is claimed because the Court included same in the general charge no error intervened. · Such action by the Court does not cure the error of the Court in refusing to give a special charge, which states a correct proposition of law applicable to the facts in the case. **Washington Fidelity National Ins. Co. v. Herbert, 125 Oh St., 591, 39 O Jur. 1024.**

The charge stated a correct rule of law applicable to the facts in this case  Its refusal constituted error, prejudicial to plaintiff.

The judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

HILDEBRANT & MATTHEWS, J. J., Concur.